UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.   Case No. 8:14-CV-1155-T-23TGW

NPB ADVERTISING, INC., *et al.*,

Defendants.

___

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Liquidating Receiver's Final Report and Final Accounting and Motion to (1) Approve Final Fees and Costs to the Liquidating Receiver and His Professionals; (2) Approve Final Distribution of Remaining Sale Proceeds; (3) Authorize Destruction of Liquidating Receivership Records; and (4) Close the Liquidating Receivership and Discharge the Liquidating Receiver (Doc. 171), and the responses thereto (Docs. 173, 174).

The Liquidating Receiver has filed a motion seeking various relief including approval of an award of fees and costs for work performed from July 1, 2017, through October 10, 2017, regarding the liquidation procedure (Doc. 171). The Liquidating Receiver also seeks approval of a

payment of $5,000 in order to cover the fees and costs for the closing of the Liquidating Receivership for the period after October 10, 2017 (id.). Further, the Liquidating Receiver seeks approval of the final distribution of the remaining sale proceeds, authorizing the destruction of the records of the Liquidating Receivership, closing the Liquidating Receivership, and discharging the Liquidating Receiver with respect to the property at issue (id.). The Liquidating Receiver indicates that the Federal Trade Commission ("FTC") does not oppose the motion regarding the fees and costs, but objects to the distribution of funds to relief defendant Dylan Loher (id., p. 19). The FTC has filed its response to the Liquidating Receiver's motion, indicating that it objects to closing the Liquidating Receivership and to the distribution of sales proceeds above $549,000 to relief defendant Loher (Doc. 173). Relief defendant Loher has filed a response and states that he is in agreement with the Liquidating Receiver's motion (Doc. 174). The matter was referred to me (see Dkt. entry 10/11/2017). For the reasons stated below, I recommend that the Liquidating Receiver's motion be granted.

As indicated, the Liquidating Receiver has filed a motion requesting various relief. However, the FTC has filed an objection to the motion regarding the distribution of the sale proceeds above $549,000 to

relief defendant Loher and, consequently, closing the Liquidating Receivership with respect to the sale proceeds of the property at issue (Doc. 173). The basis of the FTC's response is premised on its objection to my previous Order regarding the distribution of sales proceeds of the property above $549,000 to relief defendant Loher (see id.; Doc. 149).

In this respect, Chief United States District Judge Steven D. Merryday has entered an Order overruling the FTC's objection and adopting my recommendation regarding the net proceeds from the sale of the property (Doc. 175). Therefore, the FTC's current objection to the Liquidating Receiver's motion has no basis. Because the FTC has no objection to the other requests in the Liquidating Receiver's motion, I recommend that the Liquidating Receiver's Final Report and Final Accounting and Motion to (1) Approve Final Fees and Costs to the Liquidating Receiver and His Professionals; (2) Approve Final Distribution of Remaining Sale Proceeds; (3) Authorize Destruction of Liquidating Receivership Records; and (4) Close the Liquidating Receivership and Discharge the Liquidating Receiver (Doc. 171) be granted in the following respects:

1) The following sums are to be paid from the proceeds of the sale of the property:

      1. Burton W. Wiand, Receiver:            $5,400.00
      2. Wiand Guerra King P.A.:              $16,061.28
      3. RWJ Group, LLC:                     $1,202.30*
      4. PDR Certified Public Accountants:   $140.00;

2) The Liquidating Receiver shall be paid an estimated final fees and costs of $5,000.00 to complete the closing of the Liquidating Receivership;

3) The Liquidating Receiver is to distribute $143,668.64 to relief defendant Dylan Loher and retain $549,000 for the separate Receivership relating to the assets of defendant Nicholas Congleton;

4) The Liquidating Receiver is to retain the books and records necessary to support the tax returns filed by the Liquidating Receiver for a period of four (4) years and, thereafter, destroy those books and records;

5) The Liquidating Receiver is authorized to destroy, or otherwise dispose of, all books and records, and other items related to the Liquidating Receivership in the Liquidating Receiver's discretion and at such time as he deems proper (other than those necessary to support the tax returns filed by the Liquidating Receiver as set forth above) if within thirty (30) days

---

* It appears that an invoice is missing from Exhibit D, as the total invoice amount for RWJ Group, LLC, is $1,050.80 and not $1,202.30 (see Doc. 171-4, Ex. D, pp. 2-4). In any event, the FTC has not asserted an objection to the amount of $1,202.30 and, therefore, that amount will be used.

after written notice to the FTC, the FTC does not take custody of such records and other items;

6) The Liquidating Receiver and his agents, employees, members, officers, independent contractors, attorneys, representatives, predecessors, successors and assignees, are discharged of all duties, and are relieved of all liabilities and responsibilities pertaining to the Liquidating Receivership previously established in this action effective upon the Liquidating Receiver filing a Closing Declaration in which he attests that he has completed the final distribution as specified herein, filed the necessary tax returns, and paid the final fees and costs of the Liquidating Receivership;

7) All persons are enjoined from commencing or prosecuting, without leave of this Court, any action against the Liquidating Receiver or his agents in connection with or arising out of the Liquidating Receiver's or his agents' services to this Court in this Liquidating Receivership;

8) This Court retains jurisdiction for the purpose of enforcing the above injunctive relief;

9) The Liquidating Receivership shall be closed without further order from this Court effective upon the Liquidating Receiver filing a Closing Declaration in which he attests that he has completed the final distribution as

specified herein, filed the final necessary tax returns, and paid the final fees and costs of the Liquidating Receivership.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 10, 2017

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.